IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TRANS ENERGY, INC.,

        Plaintiff,

v.                   //   CIVIL ACTION NO. 1:14CV176
                                 (Judge Keeley)

JAMES K. ABCOUWER,

        Defendant.


MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 10]
AND DISMISSING CASE WITHOUT PREJUDICE

---

The defendant, James K. Abcouwer ("Abcouwer"), has moved to dismiss the amended complaint of the plaintiff, Trans Energy, Inc. ("Trans Energy"), pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 10). For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES** this case **WITHOUT PREJUDICE**.[1]

## I. BACKGROUND

From January 2006 until resigning in June 2010, Abcouwer served as the president and Chief Executive Officer of Trans Energy -- a publicly traded Nevada corporation engaged in the oil and gas industry, with a particular focus on the Marcellus Shale. He also served as chairman of Trans Energy's board of directors from April 2006 until he resigned from that position in May 2011.

---

[1] A dismissal for any defect in subject matter jurisdiction "must be one without prejudice." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Trans Energy alleges that, throughout his employment, Abcouwer acquired shares of the company's common stock that now total 2,250,000, or 16.6%, of the outstanding shares. The shares, according to Trans Energy, are unregistered and contain a restrictive legend providing as follows:

> The securities represented hereby have not been registered under the United States Securities Act of 1933, and may not be sold, transferred, pledged or hypothecated absent an effective registration thereof under such act or compliance with an available exemption from registration. The company may refuse to authorize any transfer of the securities in reliance on an exemption from registration until it has received an opinion of counsel, satisfactory to the company and its counsel, that such registration is not required.

(Dkt. No. 8 at 6).

Since resigning from his positions with Trans Energy, Abcouwer has filed two lawsuits in the Circuit Court of Kanawha County, West Virginia, against his former employer. In March 2012, he sued the company for its alleged breach of a stock option agreement. Then, in June 2013, he sued Trans Energy and two of its employees, Loren E. Bagley ("Bagley") and William F. Woodburn ("Woodburn"), alleging breach of his oral agreement with Bagley and Woodburn to sell Trans Energy (the "Oral Agreement Lawsuit").

Regarding the Oral Agreement Lawsuit, Trans Energy hotly contests the existence of any such agreement. It asserts that its

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

position is well-founded based on the fact that Abcouwer never disclosed the agreement on the company's Form 8-Ks or 10-Ks in his capacity as president and CEO, or on a Schedule 13D in his personal capacity.  Of course, whether such a defense could prevail turns on whether the law actually required Abcouwer to disclose the agreement.  As Trans Energy acknowledges, "Abcouwer denies that the alleged oral agreement was required to be disclosed in any security filing."  (Dkt. No. 8 at 7).

Trans Energy alleges that, on October 13, 2014, while the two state cases were pending, Abcouwer "threatened to file a third lawsuit" if Trans Energy refused to remove the restrictive legend from his stock certificates.  (Dkt. No. 8 at 7).  The following day, a broker representing Abcouwer made a formal demand that Trans Energy remove the restrictive legend.  According to Trans Energy, it "could not agree to this request as it was not provided with a legal opinion demonstrating Abcouwer's satisfaction of a federal registration exemption."  Id.  Moreover, it claimed, "as an 'affiliate' of Trans Energy, Abcouwer would have to satisfy additional requirements before an obligation to remove the Restrictive Legend is triggered."  Id. at 11.

On October 17, 2014, Trans Energy initiated this action, filing a declaratory judgment complaint in this Court invoking

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

federal question jurisdiction. Abcouwer responded with a motion to dismiss, following which Trans Energy amended its complaint pursuant to Fed. R. Civ. P. 15(a)(1)(b), seeking four declarations from the Court. The first two relate to the alleged third lawsuit threatened by Abcouwer ("Cause of Action I"), and the second two relate to the Oral Agreement Lawsuit ("Cause of Action II").

First, Trans Energy seeks a declaration that it is "under no obligation to remove the Restrictive Legend from Abcouwer's stock certificates because Abcouwer has not satisfied all conditions of a federal registration exemption." (Dkt. No. 8 at 15). Second, it asks the Court to declare that "Abcouwer is an 'affiliate' of Trans Energy, as that term is defined in 17 C.F.R. § 230.144." <u>Id.</u> Third, it seeks a declaration that, "[t]o the extent Abcouwer had an agreement with Bagley and Woodburn to sell Trans Energy, Abcouwer was required to disclose it pursuant to the Securities Exchange Act of 1934 on a Schedule 13D." <u>Id.</u> Finally, Trans Energy asks the Court to declare that, "[t]o the extent Abcouwer had an agreement with Trans Energy and/or Bagley and/or Woodburn to sell Trans Energy, such agreement constituted a 'material definitive agreement' that Abcouwer was required to disclose on Trans Energy's Form 10-Ks and/or 8-Ks." <u>Id.</u>

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

Abcouwer has moved to dismiss Trans Energy's amended complaint on three grounds. First, he argues that the Court lacks subject matter jurisdiction because Trans Energy's amended complaint does not "arise under" any federal law. Second, he contends that the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., does not provide a remedy for Trans Energy because there is no "case of actual controversy." Alternatively, Abcouwer urges the Court to dismiss the case based on abstention under the principles outlined in Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937), and Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371 (4th Cir. 1994).

## II. DISCUSSION

The three grounds for dismissal asserted by Abcouwer are consistent with the "three essentials" of jurisdiction over a declaratory judgment action.

> [I]t is elementary that a federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Volvo Const. Equip. N.A., Inc. v. CLM Equip. Co., 386 F.3d 581, 592
(4th Cir. 2004) (internal quotation marks and citations omitted).
Nevertheless, as discussed below, the Court finds that, although
Trans Energy's amended complaint presents a case of actual
controversy, the company has failed to establish subject matter
jurisdiction.[2]

## A. Case of Actual Controversy

Abcouwer challenges this Court's jurisdiction under Article
III of the Constitution, contending that Trans Energy's amended
complaint does not present a "case of actual controversy." "The
Declaratory Judgment Act of 1934, in its limitation to 'cases of
actual controversy,' manifestly has regard to the constitutional
provision and is operative only in respect to controversies which
are such in the constitutional sense." Aetna Life Ins. Co. v.
Haworth, 300 U.S. 227, 240 (1937); see also Volvo Const. Equip.
N.A., Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004) ("A
case meets the actual controversy requirement only if it presents
a controversy that qualifies as an actual controversy under Article
III of the Constitution."). Thus, Trans Energy must demonstrate a
case or controversy as a "threshold requirement" to prosecuting

---

[2] Because the Court lacks jurisdiction, it need not address the
abstention component of Abcouwer's motion.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

this declaratory judgment action in federal court. O'Shea v. Littleton, 414 U.S. 488, 493 (1974).

"The test for a 'case or controversy' . . . is whether the dispute 'is definite and concrete, touching the legal relations of parties having adverse legal interests.'" White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990) (quoting Aetna, 300 U.S. at 240-41). "The same standard applies to a request for declaratory relief and requires a controversy of 'sufficient immediacy and reality [as] to warrant the issuance of a declaratory judgment.'" Am. Whitewater v. Tidwell, 770 F.3d 1108, 1119 (4th Cir. 2014) (alterations in original) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).

### 1. Cause of Action I

As to its Cause of Action I, Trans Energy contends that (i) Abcouwer's history of filing lawsuits against it, (ii) his threat of a third lawsuit, (iii) his broker's immediate demand for the removal of the restrictive legend, and (iv) the potential for exorbitant damages resulting from the threatened litigation, when taken together, create a case of actual controversy. Abcouwer, on the other hand, asserts that, even if he did threaten additional

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

litigation,[3] that threat does not present a substantial controversy of sufficient immediacy and reality.

"The Fourth Circuit has recognized that in certain circumstances, the threat of future litigation may give rise to an actual controversy." <u>Standard Fire Ins. Co. v. Armstrong</u>, No. 3:12CV181, 2012 WL 3730644, at *3 (E.D. Va. Aug. 28, 2012) (citing <u>Volvo</u>, 386 F.3d at 593 n.12). Based on Abcouwer's two pending lawsuits and his threat of a third, Trans Energy possesses "an objective and reasonable apprehension of future litigation" regarding its refusal to remove the restrictive legend. <u>Energy Recovery, Inc. v. Hauge</u>, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000).

Abcouwer's threat appears more than illusory; only one day after the threat, Abcouwer's broker made a formal demand that Trans Energy remove the restrictive legend. This sequence of events could lead a rational person to conclude that a lawsuit is imminent. With that in mind, Trans Energy initiated this declaratory judgment action just three days after speaking with

---

[3] "When considering a Rule 12(b)(1) motion to dismiss, a court assumes that all factual allegations in the complaint are true." <u>Falwell v. City of Lynchburg, Va.</u>, 198 F. Supp. 2d 765, 771-72 (W.D. Va. 2002) (emphasis omitted); <u>Anderson v. F.D.I.C.</u>, 918 F.2d 1139, 1140 (4th Cir. 1990). Accordingly, the Court accepts as true Trans Energy's allegation that "Abcouwer threatened to file a third lawsuit against Trans Energy to remove the Restrictive Legend from Abcouwer's stock certificates." (Dkt. No. 8 at 3).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Abcouwer's broker.  Its swiftness in bringing the action stemmed from its concern that, given Abcouwer's numerous shares, any downtick in the company's stock price could translate into inordinate damages.  Thus, Abcouwer's threat of a third lawsuit is sufficiently immediate and real.

Furthermore, the parties' interests are adverse.  Abcouwer has articulated his claim that the restrictive legend should be removed.  Trans Energy has taken the contradictory position that it may not remove the restrictive legend, purportedly because Abcouwer is an affiliate of the company has not provided a legal opinion regarding any exemption.  These issues are adequately defined and sufficiently concrete to constitute an actual controversy between adverse parties.

Finally, Abcouwer's reliance on the Fifth Circuit's decision in <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891 (5th Cir. 2000), is misplaced.  In that case, a party to a heated litigation attached as an exhibit to another filing a "draft of a motion" to set aside a prior judgment.  <u>Id.</u> at 894.  The opposing party then filed a declaratory judgment action seeking "a <u>res judicata</u> ruling barring not only the filing of the draft motion, but all future actions arising out of or related to the financing transactions" at the heart of the parties' dispute.  <u>Id.</u> at 896 (italics in

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

original).  The defendant moved to dismiss the complaint, alleging that "no actual controversy existed."  Id. at 894.  Although the district court found "an actual controversy," it nevertheless "exercised its discretion to abstain from hearing the declaratory judgment complaint."  Id. at 895.

On appeal, the Fifth Circuit vacated the district court's ruling after concluding that the declaratory judgment action was not "ripe for adjudication."  Id. at 898.  As to the attempt to bar all future actions, it determined that such declaratory relief was "largely, if not purely, hypothetical," because "[t]he content of the broad class of potential claims that OCAI seeks to bar, and the certainty that any of these claims will ever be filed, are wholly unknown."  Id.  "Such unasserted, unthreatened, and unknown claims do not present an immediate or real threat to OCAI such that declaratory relief is proper."  Id.

As to the attempt to bar the filing of the draft motion, the court observed that "whether or not the Wolfes will ever file the draft motion hinges upon several contingencies."  Id. at 897.  Moreover, "[t]he precise legal issues that the Wolfes will raise in the motion are unclear at this time," and "[t]he contours of that motion could, and likely would, change."  Id. at 897-98.

10

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Therefore, concluded the court, "the district court erred in finding that an 'actual controversy' existed." Id. at 898.

Unlike the plaintiff in Orix, here, Trans Energy does not seek a ruling that would bar a broad class of unthreatened, unknown claims. Nor does it seek to bar the filing of any uncertain motion contingent upon a host of unlikely circumstances. Rather, Trans Energy's Cause of Action I seeks a declaration that, in its view, would preclude any liability that might accrue to it based on its refusal to remove the restrictive legend from Abcouwer's stock certificates. Thus, Trans Energy's Cause of Action I presents a case of actual controversy.

### 2. Cause of Action II

Trans Energy's Cause of Action II relates to the Oral Agreement Lawsuit pending before the Circuit Court of Kanawha County. More specifically, it relates to Trans Energy's defense that no agreement to sell the company could have existed because Abcouwer did not disclose it on certain filings with the Securities and Exchange Commission ("SEC"). Trans Energy contends that a case of actual controversy exists because "the parties wholly dispute Abcouwer's obligations to disclose [the purported oral agreement] to the SEC." (Dkt. No. 8 at 9).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Abcouwer, on the other hand, argues that any dispute concerning his SEC filing obligations is not immediate, real, concrete, or definite until the Circuit Court of Kanawha County determines that the alleged oral agreement to sell Trans Energy actually existed. Furthermore, he contends that he has not threatened a lawsuit regarding his filing obligations, and the SEC has not begun an investigation. Accordingly, he urges that Trans Energy's Cause of Action II fails to present a case of actual controversy.

Abcouwer is incorrect on at least two levels. First, the Oral Agreement Lawsuit presents a real, immediate dispute in which the parties' interests are directly adverse. Second, his attempt to compartmentalize the questions of his filing obligations and the existence of an oral agreement misses the mark. Under West Virginia law, Abcouwer's breach of contract claim requires him to establish that "a contract exists between the parties." Patrick v. PHH Mortg. Corp., 937 F. Supp. 2d 773, 792 (N.D.W. Va. 2013). Trans Energy contends that he cannot prove this element as a matter of law (or as a matter of estoppel) because he did not identify the putative agreement on the requisite SEC filings. Thus, contrary to Abcouwer's urging, the Circuit Court of Kanawha County cannot find the existence of an agreement until it first addresses Trans

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Energy's defense.   Consequently, a case of actual controversy exists between the parties regarding Abcouwer's filing obligations.

### B. Subject Matter Jurisdiction

Having determined that Trans Energy's amended complaint presents a case of actual controversy, the Court turns next to the challenge to its subject matter jurisdiction.   Congress has authorized the federal courts to exercise original jurisdiction over, inter alia, "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   Importantly, "the Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts."   Medtronic, Inc. v. Mirowski Family Ventures, LLC, __ U.S. __, __, 134 S. Ct. 843, 848 (2014) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)).   That said, "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."   Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 19 (1983).

In determining whether federal question jurisdiction lies, courts must bear in mind the critical distinction between a

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

potential federal claim in a threatened action, and an anticipatory

federal law defense asserted by a declaratory judgment plaintiff.

> Where the complaint in an action for declaratory judgment
> seeks in essence to assert a defense to an impending or
> threatened state court action, it is the character of the
> threatened action, and not of the defense, which will
> determine whether there is federal-question jurisdiction
> in the District Court.  If the cause of action, which the
> declaratory defendant threatens to assert, does not
> itself involve a claim under federal law, it is doubtful
> if a federal court may entertain an action for a
> declaratory judgment establishing a defense to that
> claim.  This is dubious even though the declaratory
> complaint sets forth a claim of federal right, if that
> right is in reality in the nature of a defense to a
> threatened cause of action.  Federal courts will not
> seize litigations from state courts merely because one,
> normally a defendant, goes to federal court to begin his
> federal-law defense before the state court begins the
> case under state law.

Pub. Svc. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 248 (1952);

see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)

("The presence or absence of federal-question jurisdiction is

governed by the 'well-pleaded complaint rule,' which provides that

federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded

complaint.").

Still, there exists a "small class of 'cases in which a well-

pleaded complaint establishes . . . that the plaintiff's right to

relief necessarily depends on resolution of a substantial question

14

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.'" <u>Pinney v. Nokia, Inc.</u>, 402 F.3d 430, 442 (4th Cir. 2005) (ellipses in original) (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988)). The substantial federal question doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005).

Importantly, the substantial federal question doctrine requires "more than a federal element." <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 701 (2006). The party invoking federal jurisdiction -- in this case, Trans Energy -- must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." <u>Gunn v. Minton</u>, __ U.S. __, __, 133 S. Ct. 1059, 1065 (2013). "Where all four of these requirements are met . . . , jurisdiction is proper . . . ." <u>Id.</u>

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

As discussed below, the substantial federal question doctrine is not available to Trans Energy because it has failed to establish, beyond mere speculation, the particular cause of action giving rise to a federal issue. Moreover, even if the Court accepted the proposed cause of action, jurisdiction would fail, at a minimum, under requirements one and two of <u>Gunn</u>.[4]

### 1. Identifying the State Law Claim

Trans Energy concedes that any claim brought by Abcouwer would be a creature of state law, thus triggering the "general rule" that Abcouwer may "avoid federal jurisdiction by exclusive reliance on state law." <u>Pinney</u>, 402 F.3d at 442 (quotation marks and citation omitted). It necessarily follows that Trans Energy's only avenue to federal court runs through the substantial federal question doctrine. In order to determine whether the doctrine applies, the Court first must identify the state law cause of action at issue.

In the relevant cases, the Supreme Court has not seriously grappled with this issue because the state law cause of action has been readily apparent. For example, in <u>Grable</u>, 545 U.S. at 311,

---

[4] Because the Court lacks original jurisdiction over Trans Energy's Cause of Action I, the company's assertion of supplemental jurisdiction over its Cause of Action II necessarily fails. <u>See</u> 28 U.S.C. § 1367(a) ("<u>[I]n any civil action of which the district courts have original jurisdiction</u>, the district courts shall have supplemental jurisdiction over all other claims . . . .") (emphasis added).

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

the plaintiff had filed a quiet title action against the defendant in state court.  Likewise, in <u>Gunn</u>, 133 S. Ct. at 1063, the state law cause of action -- legal malpractice -- was identified simply by looking to the state court complaint.  In <u>Medtronic</u>, 134 S. Ct. at 848-49, the Supreme Court devoted more attention to identifying the relevant cause of action.  Nevertheless, because the patent licensing agreement between the parties specified that, "if Medtronic stops paying royalties, Mirowski can terminate the contract and bring an ordinary patent infringement action," the Court simply relied on the contractual language to conclude that the hypothetical threatened action was one for patent infringement. <u>Medtronic</u>, 134 S. Ct. at 848.

The case at bar presents neither a filed state court complaint, nor any agreement requiring Abcouwer to bring a particular cause of action.  Nonetheless, Trans Energy contends that the appropriate cause of action is found in the Uniform Commercial Code, which provides as follows:

> (a) If a certificated security in registered form is presented to an issuer with a request to register transfer or an instruction is presented to an issuer with a request to register transfer of an uncertificated security, the issuer shall register the transfer as requested if:

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

> (1) under the terms of the security the person
> seeking registration of transfer is eligible to
> have the security registered in its name;
>
> (2) the indorsement or instruction is made by the
> appropriate person or by an agent who has actual
> authority to act on behalf of the appropriate
> person;
>
> (3) reasonable assurance is given that the
> indorsement or instruction is genuine and
> authorized (Section 8-402);
>
> (4) any applicable law relating to the collection
> of taxes has been complied with;
>
> (5) the transfer does not violate any restriction
> on transfer imposed by the issuer in accordance
> with Section 8-204;
>
> (6) a demand that the issuer not register transfer
> has not become effective under Section 8-403, or
> the issuer has complied with Section 8-403(b) but
> no legal process or indemnity bond is obtained as
> provided in Section 8-403(d); and
>
> (7) the transfer is in fact rightful or is to a
> protected purchaser.
>
> (b) If an issuer is under a duty to register a transfer
> of a security, the issuer is liable to a person
> presenting a certificated security or an instruction for
> registration or to the person's principal for loss
> resulting from unreasonable delay in registration or
> failure or refusal to register the transfer.

U.C.C. § 8-401. Although Abcouwer notes that "Trans Energy can

only speculate what [his] supposed claims might consist of," he

nevertheless "address[es] the evaluation of a claim under this

state statute." (Dkt. No. 13 at 3 n.1) (emphasis omitted).

18

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

A problem arises, however, when considering that states differ about whether a cause of action exists under § 8-401 based on an issuer's refusal to remove a restrictive legend. Compare, e.g., In re Marriage of Devick, 735 N.E.2d 153, 160 (Ill. App. Ct. 2000) (concluding that "section 8-401 of the UCC is applicable to the imposition of restrictive legends on stock certificates"); Bender v. Memory Metals, Inc., 514 A.2d 1109, 1115 (Del. Ch. 1986) (holding that "it is reasonable to construe the term 'register the transfer,' as used in § 8-401 of the UCC, to include those ministerial acts that normally accompany such registration"), with, e.g., Midwest Inv. Partners, LLC v. Standard Metals Processing, Inc., No. 3:14CV38, 2015 WL 566942, at *3 (S.D. Ind. Feb. 11, 2015) ("If Indiana's legislature aimed to create a judicial forum for compelling removal of restrictive legends, it very simply could have included that language in the statute."); Steranko v. Inforex, Inc., 362 N.E.2d 222, 274 (Mass. App. Ct. 1977) ("[W]e do not agree that the bank's refusal to remove the restrictive legends from Steranko's shares qualifies as a refusal to 'register a transfer' under the terms of s 8-401(2).").

To accept Trans Energy's argument that Abcouwer's threatened action necessarily involves a claim under § 8-401 is to assume that the substantive law of a state permitting such a cause of action

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

under like circumstances applies.  The Court, however, lacks the information necessary to conduct a choice-of-law analysis.[5]  Thus, it remains unclear whether the substantive law applicable to Abcouwer's threatened lawsuit would recognize a cause of action under § 8-401.  Accordingly, the Court has no path to move forward under the Gunn analysis.

Even had Abcouwer filed a third lawsuit in state court asserting a cause of action under § 8-401, subject matter jurisdiction would not lie.  As discussed below, Trans Energy's proposed cause of action does not necessarily raise a federal issue, nor does the record reflect that the federal issues asserted by Trans Energy are actually disputed.

### 2. "Necessarily Raised"

Under Gunn, the Court must determine whether the threatened state law cause of action necessarily raises a federal issue.

---

[5] Trans Energy urges that, because it is a Nevada corporation, Nevada's version of § 8-401 would govern.  It cites no authority for the proposition that a defendant's state of incorporation dictates the substantive law applicable to a UCC claim.  Likewise, it cites no authority for the proposition that Nevada law recognizes § 8-401 as a cause of action when the issuer of a stock refuses to remove a restrictive legend.  Notwithstanding, a recent decision of the Supreme Court of Nevada establishes that such a cause of action would be permitted under that state's substantive law.  See Guilfoyle v. Olde Monmouth Stock Transfer Co., 335 P.3d 190, 195 (Nev. 2014) ("The phrase 'request to register transfer' in NRS 104.8401(1) applies to a request to remove a restrictive legend from a person's shares.").

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

Trans Energy observes that a claim under § 8-401 would require Abcouwer to prove that "the transfer does not violate any restriction on transfer imposed by the issuer." In the restrictive legend stamped on Abcouwer's stock certificates, Trans Energy requires a legal opinion stating that the shares qualify for an exemption to registration under the Securities Act of 1933 before transferring the shares. It therefore contends that the federal issue necessarily raised is whether Abcouwer's shares qualify for an exemption to registration under federal securities law.[6] Even if Trans Energy is correct on this point, it still fails to recognize that "a given claim necessarily depends on a question of federal law only when <u>every</u> legal theory supporting the claim requires the resolution of a federal issue." <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004) (emphasis in original).

Recently, in <u>Flying Pigs, LLC v. RRAJ Franchising, LLC</u>, 757 F.3d 177, 182-83 (4th Cir. 2014), the Fourth Circuit had occasion to apply this rule within the context of <u>Gunn</u>'s first requirement. There, the plaintiff, Flying Pigs, had obtained and registered with

---

[6] The reasoning in this section also applies to any assertion that § 8-401 somehow would require Abcouwer to prove that he has satisfied any prerequisites to the removal of the restrictive legend arising from Trans Energy's contention that he is a company "affiliate."

the Patent and Trademark Office an equitable lien against a debtor's federally registered trademarks, in partial satisfaction of a default judgment award.  Id. at 179.  After the trademarks were sold through bankruptcy, the plaintiff sued the holder of the trademarks, RRAJ, in North Carolina state court "to foreclose on its equitable lien against the intellectual property, to subject that property to a judicial sale, and to enjoin RRAJ from any further use thereof."  Id. at 180.  After RRAJ removed the case, Flying Pigs moved to remand based on lack of federal jurisdiction. Id.  The district court denied the motion, and Flying Pigs appealed, relying on the well-pleaded complaint rule.  Id. at 181. RRAJ, on the other hand, asserted that "an adjudication of Flying Pigs's complaint require[d] the application of federal trademark law."  Id.

In vacating the district court's decision and remanding the case to the state court, the Fourth Circuit held that, under the first requirement of Gunn, federal jurisdiction was lacking inasmuch as Flying Pigs's complaint did not "necessarily raise" a federal issue.  Id. at 182-83.  It explained that the complaint "is nothing more than an action to enforce that equitable lien," and "[i]t appears unnecessary, therefore, for Flying Pigs to again

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

prove its entitlement to the equitable lien it seeks to enforce in the [state] court." Id. at 182.

As an additional ground for its holding, our circuit court observed that "trademark ownership is not acquired by federal or state registration[;]" rather, "[o]wnership rights flow only from prior use." Id. (internal quotation marks and citation omitted). Consequently, Flying Pigs could have argued that ownership of the intellectual property was determined "simply by virtue of its use." Id. Because a state law claim necessarily raises a federal issue only when "every legal theory supporting the claim requires the resolution of a federal issue," the court was unpersuaded that the complaint satisfied Gunn's first requirement. Id. (emphasis in original) (internal quotation marks and citation omitted); see also Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 164 (3d Cir. 2014).

Here, even assuming Abcouwer's assertion of a cause of action under § 8-401, he might well be able to bring additional common law causes of action. For example, in Guilfoyle, 335 P.3d at 194, the plaintiff brought causes of action for (1) violation of Nevada's version of § 8-401, (2) negligent and fraudulent misrepresentation, (3) aiding and abetting breach of fiduciary duty, and (4) civil conspiracy. Rather than dismissing the common law claims as

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

"displaced" by the UCC claim, as some courts have done, <u>see, e.g.</u>, <u>Kolber v. Body Cent. Corp.</u>, 967 F. Supp. 2d 1061, 1068 (D. Del. 2013); <u>Clancy Sys. Int'l, Inc. v. Salazar</u>, 177 P.3d 1235, 1236 (Colo. 2008) (en banc), the Supreme Court of Nevada analyzed all of the plaintiff's causes of action. <u>Guilfoyle</u>, 335 P.3d at 194-99; <u>see also</u> <u>Schloss v. Danka Bus. Sys., PLC</u>, No. 99 Civ. 0817, 2000 WL 282791, at *3-7 (S.D.N.Y. Mar. 16, 2000) (permitting simultaneous causes of action for violation of § 8-401, breach of contract, and conversion); <u>cf.</u> <u>Burtman v. Tech. Chems. & Prods., Inc.</u>, 724 So. 2d 672, 673 (Fla. Dist. Ct. App. 1999) (permitting a plaintiff to pursue both legal and injunctive relief under Florida's version of § 8-401). Because Trans Energy has failed to demonstrate that every cause of action Abcouwer might assert would require the resolution of a federal issue -- whether it be the qualification for a registration exemption or Abcouwer's "affiliate" status -- it has failed to satisfy <u>Gunn</u>'s first requirement.

### 3. "Actually Disputed"

Although not necessary to the analysis, it is worth noting that Trans Energy's Cause of Action I also fails under <u>Gunn</u>'s second requirement. Assuming Abcouwer's threatened action would necessarily raise the issues of whether his shares qualify for a registration exemption and whether he is an "affiliate," there is

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

a dearth of evidence that these particular issues are actually disputed.   To be sure, they form a partial basis for the declaratory relief Trans Energy seeks; and to that point Trans Energy's responsive memorandum states that the issues are "wholly disputed by the parties."  (Dkt. No. 12 at 9).

Nevertheless, neither party has provided documentation confirming any contention by Abcouwer that his shares in fact do qualify for a registration exemption, or that he is not an "affiliate."  See Keith v. Clarke Am. Checks, Inc., 261 F. Supp. 2d 419, 422 (W.D.N.C. 2003) ("It is well-settled that the existence of subject matter jurisdiction is evaluated as of the time the Complaint is filed.").  Even in his briefing on the pending motion, Abcouwer does not contest these issues.  Consequently, this Court has no actual basis upon which to find that the federal issues advanced by Trans Energy are in dispute.

### III. CONCLUSION

Trans Energy's assertion that Abcouwer would have to bring a cause of action exclusively under § 8-401 is too tenuous for the company to invoke the substantial federal question doctrine. Moreover, if Abcouwer were required to bring his claim exclusively under § 8-401, Trans Energy's reliance on the substantial federal question doctrine, at a minimum, would fail under the first two

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE**

requirements of <u>Gunn</u>.  Thus, although Trans Energy's amended complaint presents a case of actual controversy, there is no subject matter jurisdiction under which this Court may hear the matter.  It therefore **GRANTS** Abcouwer's motion and **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record, to remove this case from the active docket, and to enter a separate judgment order.

DATED: May 26, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE